UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM KEVIN TOMERLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:20-cv-01060-GCS |
| ) | |
| ARKRAY USA, INC. ) | Removed from Madison County, IL |
| ) | (Case No. 2020-L-1324) |
| Defendant. ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff William Kevin Tomerlin brings claims against Defendants Arkray USA, Inc. for three separate counts, all stemming from the same incident. Plaintiff alleges that he acquired a glycometer from Defendant in the Fall of 2016 to monitor his blood sugar and manage his diabetes. (Doc. 1, Exh. 1, p. 1). Plaintiff claims that around the first week of February of 2017 the glycometer began to provide inaccurate readings. *Id*. at p. 2. Plaintiff alleges that as a result of these inaccurate readings, he administered improper doses of glucose to himself and suffered severe injuries. *Id.*

Plaintiff previously brought suit for the same alleged incident. *See Tomerlin v. Arkray USA, Inc.*, 3:19-cv-00256-SMY-GCS (S.D. Ill. 2019). However, Plaintiff voluntarily dismissed that suit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *Id*. at Doc. 27. In both suits, Plaintiff alleges that Defendant acted negligently under Illinois state law, violated Illinois state product liability law, and breached the implied warranty for a particular purpose. (Doc. 1, Exh. 1, p. 3). Now pending before the Court is Defendant's

motion to dismiss Plaintiff's suit pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). For the reasons outlined below, the motion to dismiss is **GRANTED.**

### FACTUAL ALLEGATIONS

This case is the re-filed case of *Tomerlin v. Arkray USA, Inc.*, 3:19-cv-00256-SMY-GCS (S.D. Ill. 2019). On March 1, 2019, Defendant removed that case to this Court from the Madison Country Circuit Court where it was initially filed. (Doc. 1). Plaintiff filed a first amended complaint on March 12, 2019 to correct a misstatement regarding Plaintiff's medical treatment in the initial complaint. (Doc. 13). Defendants filed a motion to dismiss for failure to state a claim on April 9, 2019. (Doc. 16).

On September 16, 2019, before resolution of Defendant's motion to dismiss, Plaintiff entered a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 27). Under Rule 41, a party may voluntarily dismiss an action without a court order so long as the opposing party has not served either a response to the complaint or a motion for summary judgment. *See* FED. R. CIV. PROC. 41(a)(1)(A)(i). Because Defendants had neither served a response nor filed a motion for summary judgment, the Court issued the order dismissing the case on September 20, 2019. (Doc. 28).

Plaintiff refiled the case on September 17, 2020 in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois. (Doc. 1, Exh. 1). Defendant again removed to this Court pursuant to 28 U.S.C. §1332, §1441, and §1446 on October 7, 2020. *Id.* On October 7, 2020, Defendant once again filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 5).

In his complaint, Plaintiff alleges that Defendant: (i) acted negligently because at the time Defendant provided a glycometer to Plaintiff it had reason to know or should have known that the glycometer was malfunctioning and as a result, Plaintiff was caused harm and will continue to suffer as a result of the incorrect administration of glucose; (ii) violated Illinois product liability laws by providing a product that was unreasonably dangerous; and (iii) breached an implied warranty for a particular purpose because the glycometer allegedly provided inaccurate readings and contained no warning that it could provide inaccurate readings. (Doc. 15).

## LEGAL STANDARDS

Defendant moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), this Court determines whether a complaint includes enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). In order to satisfy this standard, the factual allegations within a complaint must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 554-555. For the purposes of evaluating a motion to dismiss, the Court will assume the complaint's allegations are true, even if factually dubious. *Id*. *See also Warth v. Seldin*, 422 U.S. 490, 501 (1975)(noting that trial courts are to construe the complaint in favor of the complaining party).

Although courts are to evaluate the complaint in the light most favorable to the non-moving party, courts "need not accept as true legal conclusions or threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Rule 8 requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555; quoting FED. R. CIV. PROC. 8(a)(2)). Therefore, in ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). A complaint "must contain sufficient factual matter, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Id.* Nevertheless, at the pleading stage, general factual allegations of an injury arising from the defendant's conduct may be sufficient; the Court presumes that general allegations "embrace those specific facts that are necessary to support the claim." *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889 (1990).

## ANALYSIS

Defendant asserts several arguments in support of its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), including that dismissal is warranted because Plaintiff's complaint is time-barred under the applicable statute of limitations and savings statute. (Doc. 5, p. 2). In response, Plaintiff asserts that the statute of limitations did not begin to accrue until the date on which the clerk of the court entered the dismissal of the case. (Doc. 21, p. 1-2). Because the clerk of the court entered the dismissal on September 20, 2019, Plaintiff argues that he timely refiled his complaint on September 17, 2020. *Id.*

Plaintiff's defense raises three questions: (i) on what date did Plaintiff's voluntary dismissal become effective; (ii) on what date did Plaintiff's time in which to refile his complaint begin to accrue; and (iii) on what date did the deadline to refile his complaint expire. The first question raises a straight-forward issue of federal law. Federal law determines the appropriate characterization of an initial dismissal in federal court. *See Dvorak v. Granite Creek GP Flexcap I, LLC*, 908 F.3d 248, 249 (7th Cir. 2018). Under federal law, a voluntary dismissal is effective immediately upon the filing of the motion to dismiss. *See Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007).

Plaintiff's arguments to the contrary are similar to those put forward by the plaintiff in *Jenkins*. In that case, the plaintiff argued that the proper date from which to begin the one-year tolling period after voluntary dismissal is the date on which the clerk entered the dismissal on the docket. 506 F.3d at 623. However, the Seventh Circuit noted that under Rule 41(a), no order is needed to affect a voluntary dismissal. *Id*. Accordingly, there was "no need for a clerk's entry on the docket for the filing to take effect." *Jenkins* at 623. As Plaintiff's voluntary dismissal became effective on the day he filed it, the starting date from which to determine Plaintiff's deadline for refiling his complaint is September 16, 2019.

In contrast to the date on which a dismissal is effective, how that dismissal affects the statute of limitations and the savings statute is an issue of state law. *Dvorak*, 908 F.3d at 249 (emphasis added). In determining the law applicable to the statute of limitations, a district court must apply the substantive law of the state in which it sits. *See Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006). Substantive law includes both the statute of

limitations itself, and any accompanying rule which facilitates the achievement of the statute's policy goal, *i.e.*, providing a defendant legitimate peace of mind after the passing of a certain period of time. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980). As such, the proper method of calculating the date on which accrual of the statute of limitations begins and the date on which it expires are "part and parcel" of the statute of limitations, and are appropriately determined through the application of state law. *Id.* (finding that state law determined whether a party was properly served sufficient to trigger the statute of limitations). The Court therefore turns to Illinois law in order to evaluate the impact of Plaintiff's voluntary dismissal on the application of the statute of limitations and the savings statute to the present case.

The statute of limitations for filing a personal injury suit in Illinois is two years "after the cause of action accrued." 735 ILL. COMP. STAT. § 5/13-202. A cause of action for personal injury accrues when a person suffers that injury. *See Hollander*, 457 F.3d at 692 (applying Illinois law). Plaintiff claims that he sustained injuries in February 2017; the statute of limitations on his claim therefore expired in February 2019. (Doc. 5, p. 3). Though Plaintiff's initial suit was timely, the statute of limitations expired before Plaintiff voluntarily dismissed his complaint. *Id.*

However, the statute of limitations is not the only deadline applicable to Plaintiff's case. Illinois law provides those who voluntarily dismiss their complaints with a "savings" period; a plaintiff may commence a new case after a voluntary dismissal within one year or within the remaining statute of limitations, whichever is a greater period of

time. *See* 735 ILL. COMP. STAT. § 5/13-217.[1] The remaining questions for the Court in determining whether Plaintiff's complaint is time-barred are: (1) what date the Court should begin counting the "one year" period from Plaintiff's voluntary dismissal; and (2) what date the Court should find that the "one year" period ends.

The use of the term "one year" as a unit of measurement raises an issue critical to Defendant's argument under the savings statute. Illinois statutory law mandates two conflicting approaches to determining when the "one year" period begins and expires. Under the first approach, a year is a "calendar year unless otherwise expressed[.]" 5 ILL. COMP. STAT. § 70/1.10 (West 2008)(the "Statute on Statutes"). Historically, Illinois courts have interpreted this definition as mandating that a year-long period of time is calculated by including the date of the triggering event and ending 365 days later (the "calendar method"). *See People ex rel. Sullivan v. Powell*, 35 Ill.2d 19, 22 (Ill. 1966); *Seaman v. Poorman*, 272 Ill. App. 264, 268 (Ill. App. Ct. 1933); *Irving v. Irving*, 209 Ill. App. 318, 320 (Ill. App. Ct. 1918). The applicable deadline by which a party must comply under this method of calculation is therefore the "corresponding calendar day . . . minus one day." *Parker v. Murdock*, 959 N.E.2d 1219, 1223 (Ill. App. Ct. 2011). When applying this method, the day on which Plaintiff's one-year deadline began was September 16th, 2019, and the last day on which Plaintiff could refile his complaint under the savings statute was September

---

[1] The current version of the statute (P.A. 89-7, § 15) does not permit a case which has been voluntarily dismissed to be refiled "where the time for commencing the action has expired." 735 ILL. COMP. STAT. § 5/13-217. However, this version of the statute was held unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor*, 689 N.E.2d 1057 (Ill. 1997). The prior version of the statute (P.A. 87-1252, § 2), which is still in effect because of the *Best* decision, does give the Plaintiff the right to re-file the complaint within one year of the voluntary dismissal. *See Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 755 n.3 (7th Cir. 2021).

15th, 2020.

However, modern Illinois courts have calculated similar deadlines under a different section of the Statute on Statutes. Under 5 ILL. COMP. STAT. § 70/1.11, the "time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday . . . ." (the "anniversary method"). Courts applying this method begin counting the day *after* a triggering event. *See Parker*, 959 N.E.2d at 1223. A deadline therefore expires on the corresponding anniversary of the entry of the order or judgement. *See Price v. Philip Morris, Inc.*, 352 Ill. Dec. 588, 589 (Ill. 2011)(Garman, J. dissenting). This method does not involve counting a full 365 days; the deadline remains a corresponding anniversary date even when the filing party is afforded 366 days due to a leap year. *See Price v. Philip Morris, Inc.*, No. 5-09-0089, 2011 WL 722749, at *7 (Ill. App. Ct. Feb. 24, 2011), cert. denied, 352 Ill. Dec. at 589 (holding that the party timely filed a petition for relief from judgment, which became enforceable in December 2006, when that party filed its petition on the corresponding anniversary date in December 2008, a leap-year). As 2020 was a leap-year, this method affords Plaintiff a full 366 days in which to refile his complaint, bringing the deadline to September 16, 2020.

The Illinois Supreme Court has not definitively resolved this discrepancy. *See, e.g.*, *Price*, 352 Ill. Dec. at 589 (Garmond, J. dissenting)(noting that this issue would have been one of first impression for the Illinois Supreme Court). When interpreting state law, a federal court must determine how the state's highest court would rule. *See Rodas v. Seidlin*, 656 F.3d 610, 626 (7th Cir. 2011). If the state's supreme court has not yet addressed the

issue, the federal court should "consult and follow the decisions of intermediate appellate courts" to predict how the supreme court would act, unless "there is convincing reason to predict the state's highest court would disagree." *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012). Absent any authority from the relevant state courts, the federal court must examine the reasoning of courts in other jurisdictions addressing the same issue. *See In re Zimmer, NextGen Knee Implant Products Liability Litigation*, 884 F.3d 746, 751 (7th Cir. 2018)(citing *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007)).

Although the Illinois Supreme Court is silent on this issue, the Court declines to predict how it would rule at this time. Regardless of whether the Court applies the calendar method or anniversary method in order to calculate the beginning and end of Plaintiff's one-year savings statute deadline, Plaintiff's September 17, 2020 refiling is untimely. Under the calendar method, Plaintiff refiled his complaint two days late. Under the anniversary method, Plaintiff refiled his complaint one day late. In either case, the statute of limitations bars Plaintiff's complaint, and Plaintiff is not rescued by the savings statute. Accordingly, Plaintiff's complaint is time-barred, and must be dismissed.

## Conclusion

For the above-stated reasons, the undersigned **GRANTS** Defendants' motions to dismiss. (Doc. 5). The Clerk of the Court is **DIRECTED** to dismiss Plaintiff's complaint against Defendant with prejudice.

**IT IS SO ORDERED.**

**DATED:  May 28, 2021.**

Digitally signed
by Judge Sison 2
Date: 2021.05.28
14:17:34 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**
